**The document below is hereby signed.**

**Dated: September 17, 2011.**



_____
**S. Martin Teel, Jr.**
**U.S. Bankruptcy Judge**

```
              UNITED STATES BANKRUPTCY COURT
               FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
LAWRENCE T. WHITE,             )   Case No. 10-01117
                               )   (Chapter 7)
              Debtor.          )   Not for publication in
                               )   West's Bankruptcy Reporter
```

MEMORANDUM DECISION RE MOTION TO DISMISS

Wilson Powell Lincoln Mercury, which has a security interest in the debtor's car, seeks dismissal of this case. Wilson Powell has obtained relief from the automatic stay "permitting the Movant to exercise any and all legal rights which Movant has as a secured creditor." Wilson Powell seeks dismissal because the debtor has interfered with Wilson Powell's repossession efforts by keeping the car behind a locked fence, has not brought current payments on the note secured by the debtor's car, and has not produced evidence of insurance.

I

Wilson Powell's rights and remedies regarding enforcing its security interest, arising from the debtor's failure to make payments, to facilitate repossession, and to keep the car

insured, are the same if the case is dismissed or is not dismissed.

That the debtor has not kept the car insured, and that his failure to permit access to the car may put Wilson Powell to added expenses of insuring the car to protect its collateral, and of obtaining a court order to gain access to the car, but that will arise whether the case is in or out of bankruptcy.  The debtor's forthcoming discharge (to which no creditor has timely objected) may result in the debtor having no obligation to reimburse Wilson Powell for those added expenses of protecting and enforcing its security interest, but that is the nature of bankruptcy.  The consequence of a bankruptcy discharge is that generally a debtor's liability to a creditor is discharged, the creditor's claim is converted to only a non-recourse claim to the extent collateral secures the claim, and the creditor can only look to such collateral to collect its claim.  Wilson Powell already has relief from the automatic stay to enforce its security interest against the car, and the pendency of the bankruptcy case has no effect on that right of enforcement.

The debtor has opposed Wilson Powell's motion, arguing that he is struggling to bring the account current now that he has employment.  Wilson Powell asserts in its reply to the debtor's opposition that the debtor is guilty of bad faith: knowing that the automatic stay has terminated, he willfully and intentionally

withholds the car in derogation of Wilson Powell's rights. Accordingly, argues Wilson Powell, the Debtor has not earned his right to a discharge and this case should be dismissed. I reject that argument for the following reasons.

The Bankruptcy Code sets forth the circumstances in which a discharge can be denied or revoked, and if the debtor's conduct fits within one of those circumstances, a creditor's remedy is to pursue an adversary proceeding to deny or revoke the discharge. Although bad faith may be invoked as a basis for dismissal of a case, Wilson Powell has not alleged conduct rising to the level of bad faith warranting dismissal of the case. As is made evident by the prior discussion, Wilson Powell's lien enforcement rights under nonbankruptcy law remain unaltered precisely because the automatic stay has been lifted to permit it to exercise those rights. The Bankruptcy Code does not enhance those nonbankruptcy law rights by imposing on the debtor an obligation, beyond what obligation exists under nonbankruptcy law, to facilitate Wilson

3

Powell's repossession rights.[1]  To the extent that a debtor's postpetition conduct in preventing repossession rises to the level of the tort of conversion, or gives rise to some other cause of action for imposing liability against the debtor that is unaffected by the debtor's discharge, the creditor's rights in that regard are the same whether the cause of action arises before or after the debtor receives a discharge.

                                II

In its reply to the debtor's opposition to its motion, apparently in light of the debtor not having been coerced by the threat of dismissal into facilitating repossession, Wilson Powell requests a turnover order as an alternative to dismissal.  But that request is not properly before the court.  In its motion to dismiss, Wilson Powell did not request such relief, and, in any event, pursuant to Fed. R. Bankr. P. 7001(1), such a request would require an adversary proceeding.

Moreover, even if the request were properly before the

---

[1] Wilson Powell has not invoked 11 U.S.C. § 521(a)(6). When § 521(a)(6) applies to effect a termination of the automatic stay, and despite the provision's indication that the debtor "not retain possession of [the collateral]," the creditor's nonbankruptcy law rights are not enhanced, and the creditor is limited to proceeding in accordance with its nonbankruptcy law rights regarding obtaining possession of the collateral. *See In re Rowe*, 342 B.R. 341, 349-50, 351 (Bankr. D. Kan. 2006). *See also In re Jones*, 397 B.R. 775, 790 (S.D.W. Va. 2008); *In re Ruona*, 353 B.R. 688, 692 (Bankr. D.N.M. 2006); *In re Steinhaus*, 349 B.R. 694, 707-708 (Bankr. D. Idaho 2006); *In re Anderson*, 348 B.R. 652, 659-60 (Bankr. D. Del. 2006); *In re Donald*, 343 B.R. 524, 539 (Bankr. E.D.N.C. 2006).

court, I would have serious doubts that this court would have subject matter jurisdiction to compel turnover.  The trustee has filed a report of no distribution, thus signaling that he has no interest in administering the car.  In that circumstance, turnover of the car will have no apparent impact on the administration of the estate, and thus Wilson Powell's request for turnover likely would not come within the court's "related to" jurisdiction under 28 U.S.C. § 1334(b).  *See Turner v. Ermiger (In re Turner)*, 713 F.2d 338 (2d Cir. 1983); *Ostroff v. Am. Home Mortg. (In re Ostroff)*, 433 B.R. 442, 449-50 (Bankr. D.D.C. 2010) (no jurisdiction to adjudicate debtor's state law claim of lien invalidity on exempt property).  Nor has Wilson Powell pointed to a provision of the Bankruptcy Code creating a right to an order of turnover so that its request "arises under" the Bankruptcy Code within the meaning of § 1334(b).[2]  Although the request "arises in" the bankruptcy case in the sense of occurring while the debtor's bankruptcy case is still pending, the court's "arising in" jurisdiction under § 1334(b) does not apply if the proceeding has nothing to do with the administration of the case or the estate, and does not concern a matter that

---

[2] As noted previously, Wilson Powell has not invoked 11 U.S.C. § 521(a)(6).  When § 521(a)(6) applies to effect a termination of the automatic stay, the courts have uniformly held that its indication that the debtor "not retain possession of [the collateral]" does not create a right in the creditor to a turnover order. *See In re Rowe*, 342 B.R. at 349-50, 351, and other decisions cited in n.1, *supra*.

5

could arise only in bankruptcy. *See In re Ostroff*, 433 B.R. at 449. A court action to compel a debtor, who is interfering with repossession, to turn over her car can arise outside of bankruptcy, and, indeed, Wilson Powell has obtained relief from the automatic stay that would permit it to pursue such an action elsewhere.

### III

For all of these reasons, an order follows denying the motion to dismiss.

[Signed and dated above.]

Copies to: Recipients of e-notification.